IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE R. FRANKE,

Plaintiff,

v.

KALAHARI RESORT,

Defendant.

OPINION and ORDER

25-cv-501-wmc

---

Plaintiff Michelle R. Franke, representing herself, alleges that she was discriminated against based on her race while working for defendant Kalahari Resort. Dkt. 6. The U.S. Equal Employment Opportunity Commission (EEOC) issued notice of plaintiff's right to sue. Dkt. 1-1. Plaintiff filed a complaint in this court in June 2025, and the case has been proceeding through discovery. Most recently, plaintiff filed a motion to compel, asking the court to order the EEOC and the Wisconsin Equal Rights Division (ERD) to produce their charge files relating to her discrimination claim. Dkt. 35. The court DENIES this request for the following reasons.

ANALYSIS

Plaintiff wants to court to help her obtain her charge files from the EEOC and the Wisconsin ERD. She believes that her charge was not "investigated properly" or at all and that she is "getting the run-around" from these agencies. Dkt. 35 at 2. In support, she explains that she has sent the EEOC a copy of the complaint as instructed, *see* Dkt. 35-1, and called the Wisconsin ERD to request a paper copy of her file on June 2, 2026, but has not received anything yet. She has also received a "web portal invite" that she could not access until July

3, 2026. *Id.* at 3. She further complains that the EEOC has not yet updated her mailing address.

The court will not intervene at this point for two reasons. First, the record shows that the EEOC has responded to plaintiff's requests, at least in some fashion, and it is not clear what information plaintiff believes is missing from the responses and why she believes that. An April 10, 2026 letter from the EEOC indicates that it mailed the charge file to plaintiff, Dkt. 35-1 at 2, and an April 21, 2025 email indicates that certain documents had been sent electronically after paper copies were returned to the Post Office, *id.* at 3. A July 17, 2025 response to plaintiff's Freedom of Information Act (FOIA) request also indicates that certain documents were produced. Plaintiff suggests that these responses were not complete, including that certain information may have been redacted for deliberative privilege, but she does not explain what information she believes is missing, or why any assertion of privilege was improper.

Second, the record shows that plaintiff has yet to fully exhaust all the means at her disposal to obtain her charge files from the agencies. The July 17, 2025 letter explains that plaintiff may appeal in writing if she is unsatisfied with the production in response to her FOIA request. Dkt. 33-1. It is not clear that plaintiff has undertaken that process. As for the Wisconsin ERD, plaintiff states that she called the agency less than a month ago on June 22, 2026, but has yet to receive anything. That is not much time to allow the agency to process and fulfill her request. Nor is it clear from the April 10, 2026 email that calling the agency is the proper way to request a charge file. *See* Dkt. 35-1 at 2 (instructing plaintiff to "contact" the Wisconsin ERD to obtain a copy of the charge file). Plaintiff may look for guidance from

2

the Wisconsin ERD to formalize her request and continue to wait a more reasonable amount of time for a response.

In short, plaintiff should continue to work with the agencies to obtain any documents she believes are missing. She may bring a new motion in this court only after she makes best efforts and waits a reasonable time. At that point, she may file a motion seeking to subpoena one or both of the agencies, but this is a last resort. Neither agency is a party to this lawsuit, and they fall under the protections of Federal Rule of Civil Procedure 45. This rule requires the party "responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If plaintiff brings a motion for a subpoena, she must review Rule 45 and show the following:

1. The name and address of the agency to be subpoenaed.

2. The specific information sought. This needs to be very specific and include the case number and the types of documents sought.

3. The relevancy to this case. Plaintiff will need to explain how the information relates to an element of her claim.

4. The efforts she has made to get the information besides resorting to a subpoena.

As the court has previously explained to plaintiff, it cannot provide legal advice in its role as a neutral decisionmaker. If plaintiff has questions about these or other legal processes, she should contact an attorney. The Wisconsin State Bar offers free and reduced fee services, including a lawyer referral service that offers free telephone appointments to briefly discuss legal questions: https://www.wisbar.org/forPublic/INeedaLawyer/pages/lawyer-hotline.aspx

ORDER

IT IS ORDERED that plaintiff's motion to compel, Dkt. 35, is DENIED.

Entered July 17, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge